UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL LOLLI and AMY LOLLI,
his wife,

    Plaintiffs,

     v.

PARC MANAGEMENT, LLC, t/d/b/a
MYRTLE WAVES WATER PARK and
BURROUGHS & CHAPIN
COMPANY, INC.,

    Defendants.

CIVIL ACTION NO. 3:11-CV-1372

(Judge Kosik)

**FILED
SCRANTON**

MAR 0 2 2012

Per_____
    DEPUTY CLERK

## MEMORANDUM

  We have before us the defense motion to dismiss a negligence action whose substance occurred in South Carolina, but was filed as a diversity action in this district court. The motion seeks to dismiss pursuant to Fed. R. Civ. P. 12(b)(2),(3), and (6), for lack of personal jurisdiction, improper venue and failure to state a claim upon which relief can be granted.

### I

  Plaintiff, Michael Lolli, and his wife, Amy, are seeking damages for the alleged negligence of the defendants stemming from a slip or trip and fall that occurred at a water park in Myrtle Beach, South Carolina on July 29, 2009. The action was commenced on July 22, 2011.

  Defendants, PARC Management, is a limited liability company existing under the laws of Florida; Burroughs and Chapin is a corporation under the laws of South Carolina. Each has its principle place of business in Florida and South Carolina, respectively. Both own and operate defendant Myrtle Waves Water Park in Myrtle Beach, South Carolina.

Initially, the defense motion to dismiss was based on the lack of personal jurisdiction over defendants because the matter in this action occurred in South Carolina and neither defendant resides in our judicial district, citing 28 U.S.C. § 1391. Further, the defense sought dismissal on the basis of venue in the absence of personal jurisdiction.[1] Plaintiffs respond that pursuant to Fed. R. Civ. P. 4(e), a district court can assert jurisdiction over a non-resident to the extent allowed under the law of the state where the district court sits. Under Pennsylvania law, a state court may exercise personal jurisdiction pursuant to either the provision on general personal jurisdiction, 42 Pa. C.S.A. §5301(a)(2)(iii), or the provision on specific personal jurisdiction, 42 Pa. C.S.A. §5322. Specific jurisdiction is involved when the cause of action arises from the defendant's forum-related activities. General jurisdiction is involved when plaintiff's cause of action arises from the defendant's non-forum related activities. Under Pennsylvania's long arm statute, §5301(a)(2)(iii), general jurisdiction over a non-resident defendant corporation exists when it carries on "a continuous or systematic part of its general business" within the Commonwealth. In Provident National Bank v. California Fed. Sav. and Loan Association, 819 F. 2d 434, 436-438 (3rd Cir. 1987), the court held that the plaintiff must show "significantly more than mere minimum contacts" which are "central to the conduct of its business."

It is conceded that when the defendant raises a jurisdictional defense, the burden falls on plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. To that end, plaintiffs, relying on Provident National Bank, claim that there was evidence that defendant PARC had two separate service contracts with two Pennsylvania entities, a contract for information technology, and a business relationship with numerous vendors and suppliers on a continuing basis. Defendant

---

[1] In addition, the defense seeks to dismiss for failure to state a claim for punitive damages.

Burroughs and Chapin owns a membership in a limited liability company known as Skate Park PA registered to do business in Pennsylvania.

Defendants reply to plaintiffs is that the aforementioned contacts are not systematic, substantial, or ongoing. They are merely contacts where products and goods were purchased. PARC conducted no business in Pennsylvania. The contacts were not water park management related entities. Defendant Burroughs and Chapin had interest in Skate Park PA, but it was not a "continuous contact" with Pennsylvania, because its registration as a business was cancelled and the entity ceased to exist in September of 2005, before the certification as a foreign business was cancelled.

Plaintiffs concede that contracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident, citing Mellon Bank PSFS. N.A. v. DiVeronica Bros. Inc., 983 F. 2d 551, 557(3rd Cir. 1993). In Provident National Bank, supra, the court said that the defendant must have carried on a continuous and systematic part of its "general business" within the Commonwealth. Moreover, in our own district, Clark v. Matsushita Elec. Indus. Co. Ltd., 811 F. Supp. 1061, 1067 (M.D. Pa 1993), the court quoted that the standard for assertion of general jurisdiction is much higher than that for assertion of specific jurisdiction. In considering general jurisdiction, we must look to all defendants contacts, which must be "extensive and pervasive" such as "derivation of a significant slice of revenue from activity within the state." Similarly, in Henning v. Suarez Corp., 713 F. Supp. 2d 459, 464 (E.D. Pa 2010), the court held that the standard requires the defendant's contacts with the forum to be "perpetual (and) abiding.". The court mentions, citing authority, that the "higher threshold demands contacts with the forum which approximate physical presence." The contacts must be central to the conduct of its business; to constitute the bread and butter of the defendants daily business. In

-3-

<u>Henning</u> , the contacts with the forum state were much more persuasive than exist in this case.  However, the court in applying the standard we have alluded to, concluded that the defendant's contacts with its district in Pennsylvania were not sufficiently continuous and systematic to give rise to general jurisdiction.  We arrive at the same conclusion here.  Also see, <u>In Re Chocolate Confectionary Antitrust Litigation</u>, 641 F. Supp. 2d 367, 382-84 (M.D. Pa 2009).

## II

Defendants also seek to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue, because there is no jurisdiction in this district.  Plaintiffs ask that if this court determines that no jurisdiction exists, we should, in lieu of dismissal, transfer the matter to the site of the accident and the initial medical treatment which occurred within the jurisdiction of the United States District Court of South Carolina, pursuant to 28 U.S.C. §1631 and 28 U.S.C. §1406(a).  While it may prove to be inconvenient for plaintiffs, we believe the interests of justice would best be served in South Carolina.[2]

---

[2] We noted earlier that the defense motion also sought dismissal for failure to state a claim for punitive damages.  We will defer on that issue to the court in South Carolina.